UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH N. MAIOLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREATER BALTIMORE MEDICAL CENTER,<br><br>　　　　Defendant. | Case No. 19-cv-05946-LB<br><br>**ORDER TRANSFERRING CASE TO THE DISTRICT OF MARYLAND**<br><br>Re: ECF No. 1 |

# INTRODUCTION

Plaintiff Joseph Maiola, who lives in Yuma, Arizona and is representing himself, sued the Greater Baltimore Medical Center, which is located in Maryland, claiming that in 1978, there was a "premeditated switch of a newborn baby at GBMC with another newborn," causing him (the baby's father) and his family severe emotional distress.[1] All events took place in the District of Maryland. The Center is located in Towson, Maryland.[2]

Venue thus is not in the Northern District of California and instead is in the District of Maryland.

---

[1] Compl. – ECF No. 1 at 7. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. GBMC is the acronym that Mr. Maiola uses for the Center. *Id.* at 6.

[2] *Id.* at 1.

ORDER – No. 19-cv-05946-LB

"A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

If venue is improper, the court may either dismiss the case without prejudice, or if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.,* 939 F.2d 802, 804 (9th Cir. 1991). Ordinarily, the interest of justice requires transferring the case to a proper venue rather than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001).

The court issued an order to cause to the plaintiff to give him an opportunity to show cause by why the court should not transfer his case to the District of Maryland for lack of venue.[3] The plaintiff responded with reasons including bias, travel time, emotional distress, and convenience, among others.[5] These do not affect venue or the court's lack of personal jurisdiction over the Center.

Because venue is not in the Northern District, the court transfers the case to the District of Maryland. The court attaches its earlier screening order, which distills the facts and cites the relevant case law.

**IT IS SO ORDERED.**

Dated: December 9, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] Order – ECF No. 11 (order to respond by November 4); Order – ECF No. 16 (extending deadline to December 3)

[5] Screening Order Answer – ECF No. 18 at 2.