**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| JOSEPH N. MAIOLA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-19-3507 |
| | * | |
| GREATER BALTIMORE MEDICAL | * | |
| CENTER | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Joseph N. Maiola ("Plaintiff"), who is self-represented, filed a Complaint on September 23, 2019, in the United States District Court for the Northern District of California, against the Greater Baltimore Medical Center ("GBMC"). ECF 1. Because the defendant, GBMC, is located in Maryland, the case was transferred to this Court on December 9, 2019. ECF 20. Currently, three motions are pending: Plaintiff's Motion of Default Finding, GMBC's Motion to Dismiss Complaint or, in the Alternative, Motion for More Definite Statement, and Plaintiff's Motion to Analyze and Preface. ECF 54, 56, 69. On February 25, 2020, the Clerk's Office sent Plaintiff a Rule 12/56 letter, advising him of the potential consequences of failing to respond to the dispositive motion. ECF 57. Plaintiff filed an opposition, ECF 68, but GBMC did not file a reply. ECF 58.

This Court has carefully reviewed all of the filings in this case, and no hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, I will deny Plaintiff's Motion of Default Finding, ECF 56, and grant GBMC's Motion to Dismiss, ECF 54, although the case will be dismissed without prejudice. Plaintiff's Motion to Analyze and Preface, ECF 69, will be denied as moot.

## I.      Factual and Procedural Background[1]

The factual allegations in the Complaint are somewhat cryptic and, at times, unintelligible. Essentially, Plaintiff alleges a wide-ranging conspiracy in which his third child was switched at birth after delivery at GBMC in 1978.  ECF 1 at 6.[2]  He refers to the incident as a "premeditated switch of a newborn baby at GBMC with another newborn," and subsequent "hiding, silence, and deception."  *Id.* at 5, 7.  He states, "The other mother and father (deceased) and numerous participants are known.  Motive for switch (and [hiding, silence, and deception]) was student loans bankruptcy."  *Id.* at *7.*  He further states "GBMC prima facie culpability rises to level of GBMC gross negligence, and criminal collusion is internal and external to GBMC."  *Id.* At no point in the Complaint does Plaintiff identify, by name or even job description, any GBMC employee or agent involved in the alleged switching of the newborn, or in any subsequent concealment of the alleged event.

## II.      Motion for Default

GBMC's response to Plaintiff's Complaint was due on February 18, 2020.  On that date, before GBMC's response was even tardy, Plaintiff filed a Motion for Default. ECF 54.  In the end, GBMC did in fact file its response belatedly, because it docketed its Motion to Dismiss on February 19, 2020.  ECF 54.

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).  GBMC's

---

[1] As discussed, *infra*, in the posture of this case, I must assume the truth of the facts alleged by Plaintiff.

[2] The page numbers cited herein are those designated by the ECF system, not the handwritten numbers on the pages of Plaintiff's Complaint.

response in this case was filed just hours after it was due, and no prejudice accrued to Plaintiff in the intervening time.  Moreover, as described below, GBMC has alleged a meritorious defense in this matter.  *See Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (noting that, even in cases where a default has already been entered, "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."); *see also Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (directing district courts to consider the merits of the defense when evaluating a motion to set aside entry of default).  Accordingly, while GBMC's counsel should be more mindful of scheduling deadlines set by the Court in future cases, Plaintiff's motion for default will be denied, and the case will proceed to adjudication on its merits.

### III.   Motion to Dismiss

#### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221, 133 S. Ct. 1709, 185 L.Ed.2d 758 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, ––– U.S. ––––, 135 S. Ct. 346, 346, 190 L.Ed.2d 309 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440

(4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943, 132 S. Ct. 402, 181 L.Ed.2d 257 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937, 132 S. Ct. 1960, 182 L.Ed.2d 772 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also MD*

*v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies ... if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*). A defense based on the statute of limitations therefore may be considered by a motion to dismiss, if facts sufficient to rule are contained within the Complaint's allegations. *Id.*

### B. Analysis

In this case, the Complaint expressly alleges that the switch of the newborns occurred in 1978. ECF 1 at 7. Although it conclusorily alleges "hiding, silence and deception," which it labels "HSD," it does not allege any specific actions taken by GBMC, or any of its agents, to conceal any particular act. It is unclear whether Plaintiff alleges medical negligence, or some other form of negligence, on the part of GBMC. However, under either type of claim, Maryland's statute of limitations would have expired several decades before this case was filed in 2019, for any claim

relating to events occurring more than forty years before.  *See* Md. Cts. & Jud. Proc., 5-109(a) ("[A]n action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider . . . shall be filed within the earlier of: (1) five years of the time the injury was committed; or (2) three years of the date the injury was discovered."); Md. Cts. & Jud. Proc. 5-101 ("[A] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.").  Thus, any claims relating to the switching of the newborns in 1978 are time-barred under Maryland law.

Even if Plaintiff's claims had not been barred by the statute of limitations, the Complaint fails to state a viable claim against GBMC, because it is devoid of any factual allegations describing any specific conduct by the medical center, or its employees or agents, that could provide the basis for a claim against it. *See, e.g.*, *Joe Hand Promotions, Inc. v. Mehovic*, 2013 WL 3155355, at *4 (W.D.N.C. June 20, 2013) (finding that a Complaint was devoid of factual allegations pertaining to the defendant).  Accordingly, Plaintiff's claims must be dismissed without prejudice.

### IV.    Motion to Analyze and Preface

Plaintiff's Motion to Analyze and Preface appears to request a thorough review of the docket, and full consideration as to whether he is entitled to additional relief from his numerous filings.  ECF 69.  This Court has analyzed the entire record, and finds no basis for granting further relief.  Accordingly, Plaintiff's Motion to Analyze and Preface will be denied as moot.

### V.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default, ECF 56, is denied, Plaintiff's Motion to Analyze and Preface, ECF 69, is denied as moot, and GBMC's Motion to Dismiss, ECF

54, is granted, and Plaintiff's claims are dismissed without prejudice.  An implementing Order follows.


Dated:     June 29, 2020                        _____/s/_____
                                                Stephanie A. Gallagher
                                                United States District Judge